**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *an assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV,<br><br>             Plaintiffs,<br><br>vs.<br><br>GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals*, and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>             Defendants. | **Civil Action No.** |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants GoHunt, LLC, GoHunt Management Holdings, LLC and GoHunt Management Holdings II, LLC collectively "Defendants"), hereby file this Notice of Removal in support of the removal of this action from the Superior Court of New Jersey, Bergen County, to this Court, the United States District Court for the District of New Jersey. Defendants state as follows:

**BACKGROUND**

1.      On or after February 8, 2024, 2023, Plaintiffs Atlas Data Privacy Corporation ("Atlas") and Peter Andreyev ("Andreyev" and collectively with Atlas, "Plaintiffs") filed a Complaint against Defendants in the Superior Court of New Jersey, Bergen County, Docket No. BER-L-870-24. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. Plaintiffs purport to bring claims against Defendants for alleged violation of Daniel's Law (N.J.S.A. 47-1A-1, *et seq.*, and N.J.S.A. 56:8-166.1), claiming that Defendants have failed to cease making

available the home addresses or unpublished home telephone numbers of covered persons upon request pursuant to the statute. The "covered persons" specifically identified in the Complaint are all law enforcement officers.

2.      Atlas also purports to assert claims on behalf of 13,640 unidentified judges, law enforcement officers, prosecutors, and their family members who allegedly have assigned their claims against Defendants to Atlas.   Compl. ¶ 18. This Notice of Removal is based primarily on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief.  Rather, Defendants expressly deny that Plaintiffs are entitled to any relief.

## I.      THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

3.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.      The Parties are Completely Diverse.

#### i.      Plaintiffs' Citizenship

4.      The Complaint alleges that Jane Doe-1 is a police officer working in northern New Jersey. Compl. ¶ 15. As a matter of New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position."  N.J.S.A. 40A:14-122.8.  Accordingly, Jane Doe-1 is a citizen of New Jersey.

5.      Andreyev is a veteran of the Point Pleasant, New Jersey Police Department and is therefore a New Jersey citizen. Compl. ¶ 16; N.J.S.A. 40A:14-122.8.

6.      Plaintiff Atlas is a Delaware corporation with its principal place of business in New Jersey.  Compl. ¶ 17.  Atlas's citizenship is immaterial to the diversity of citizenship analysis because Atlas is a mere purported assignee of claims by New Jersey citizens. See Compl. ¶ 22; 13F Fed. Prac. & Proc. Juris. § 3641, 3 (3d ed.) ("Wright & Miller") ("[A] number of federal courts have refused to ignore the possibility that a plaintiff may have engaged in a collusive attempt to manipulate the forum for a particular lawsuit and have retained removed cases on the basis of diversity jurisdiction after they have inquired into the validity of a state law transaction."). Given that Atlas likely is a partial assignee, with some rights (financial, injunctive, or otherwise) still held by the assignors as the true claimants, see Compl., Prayer for Relief (requesting relief on behalf of covered persons that would not benefit Atlas), courts throughout the United States likely would disregard Atlas's citizenship in assessing diversity. *Attorneys Trust v. Videotape Computer Products, Incorporated*, 93 F.3d 593, 597 (9th Cir. 1996) (holding that courts are "sensitive to and concerned by manipulations of their jurisdiction with partial assignments which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case"); see *also Grassi v. Ciba-Geigy, Limited*, 894 F.2d 181, 185 (5th Cir. 1990). And in the unlikely event that Atlas is a complete assignee, the trend is for courts to look at and behind the pleadings to determine whether an assignee's citizenship should be deemed collusive and disregarded as inconsequential to the diversity analysis. *See Attorneys Trust*, 93 F.3d at 600 (holding that courts "may look to all of the facts and circumstances and ask whether the assignment did destroy diversity jurisdiction"); Wright & Miller at 2 (stating that the courts should "exercise vigilance in protecting the rights of litigants to invoke federal jurisdiction by exercising their authority to examine the underlying nature of transactions that have the effect of destroying diversity

jurisdiction"). But even if Atlas's citizenship is considered, diversity of citizenship still exists because none of the Defendants is a citizen of Delaware or New Jersey.

> ii. **Defendants' Citizenship**

7.      GoHunt, LLC is a limited liability company organized under the laws of the State of Nevada with its principal place of business located in Nevada. GoHunt, LLC's members and their citizenships are as follows:

- The Blake  L. Sartini and Delise F. Sartini Family Trust, which is a trust organized under the laws of the State of Nevada. The Blake L. Sartini and Delise F. Sartini Family Trust's  trustees and their citizenships are as follows:

  o  Blake L. Sartini, II (Nevada)

  o  Delise Sartini (Nevada)

- Sandra V. Russo (Nevada)

- Lorenzo M. Sartini (Nevada)

- GoHunt Management Holdings, LLC (see ¶ 9, infra)

- GoHunt Management Holdings II, LLC (see ¶ 10, infra)

8.      GoHunt Management Holdings, LLC is a limited liability company organized under the laws of the State of Nevada with its principal place of business located in Nevada. GoHunt Management Holdings, LLC's members and their citizenships are as follows:

- Christopher M. Porter (Nevada)

- Joseph E. Stone (Nevada)

- Charles H. Portell (Nevada)

- Leslie Marcel Ottolenghi (Colorado)

- Nanda Kishore Reddy (Nevada)

9.      GoHunt Management Holdings II, LLC is a limited liability company organized under the laws of the State of Nevada with its principal place of business located in Nevada. GoHunt Management Holdings II, LLC's members and their citizenships are as follows:

- The Lorenzo Michael Sartini Separate Property Trust, which is a trust organized under the laws of the State of Nevada. The Lorenzo Michael Sartini Separate Property Trust's trustees and their citizenships are as follows:

    o Lorenzo M. Sartini (Nevada)

- Christopher M. Porter (Nevada)

- Nanda Kishore Reddy (Nevada)

- Andrew Elder (New York)

- Lane Colyer (Montana)

- Brady Jay Miller (Nevada)

- Brandon Scott Evans (Utah)

- Hemant Nayan (Utah)

- Richard Henry Fahey (Utah)

- Max Stevenson Fronek (California)

- Scott Christensen (Nevada)

- Mason Hampton (Idaho)

10.      In accordance with 28 U.S.C. § 1332(a)(2), complete diversity of citizenship exists because Plaintiffs are citizens of New Jersey (and Delaware if Atlas's citizenship also is considered) and none of the Defendants is a citizen of New Jersey (or Delaware if Atlas's citizenship also is considered). Furthermore, this action is removable because Defendants are not citizens of the state in which this action was commenced. *See* 28 U.S.C. § 1441(b)(2).

11.    To the extent the Court believes that the citizenship of the 13,640 assignors is relevant to the diversity analysis, Defendants note that all of the assignors purportedly are "covered persons" under Daniel's Law who should, pursuant to New Jersey law, be citizens of New Jersey. *See* N.J.S.A. 40A:14-122.8; N.J.S.A. 52:14-7a.  Moreover, nothing in the Complaint suggests that any of the assignors is a citizen of any of the states where Defendants are citizens.

**B.    The Amount-In-Controversy Requirement is Satisfied.**

12.    The second requirement of traditional diversity of citizenship jurisdiction is that the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  When "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782 n.2 (3rd Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 89).  Only a single plaintiff need satisfy the requirement — the Court can then exercise supplemental jurisdiction over any other plaintiffs, regardless of the value of their claims.  "[W]here the other elements of [diversity] jurisdiction are present and ***at least one*** named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 549 (2005) (emphasis added); *Burgess v. Bennet*, 2021 WL 1050313, at *5 n. 9 (D.N.J. Mar. 19, 2021) ("[A]though these particular plaintiffs' claims may not reach the amount in controversy, so long as one plaintiff in this case satisfies the jurisdictional amount, this Court may exercise supplemental jurisdiction over the remaining plaintiffs' claims.").

13.    Atlas, standing alone, satisfies the required amount in controversy. Atlas purports to bring claims on behalf of 13,640 assignors. Compl. ¶ 22. Daniel's Law provides for damages of

at least $1,000 for each violation of the statute. See N.J.S.A. 56:8-166.1c(1). This means that Atlas's claims for statutory damages alone potentially amount to more than $13,640,000, far in excess of the $75,000 threshold.

14.     Atlas might argue that Defendants do not get to benefit from assignment aggregation in light of Defendants' argument that Atlas's citizenship should be disregarded in assessing diversity jurisdiction. In so arguing, Atlas would be wrong. Diversity of citizenship is a concept distinct from the amount in controversy, and Atlas should not be allowed to aggregate collusively Daniel's Law claims via assignment to it as a single plaintiff while arguing that aggregation should be disregarded for purposes of the amount in controversy. Moreover, Defendants do not argue here (but reserves the right to do so later) that the assignments are invalid — only that they should be disregarded in assessing citizenship. Based on the Complaint's allegations about the assignments, Atlas is a single plaintiff with claims valued at more than $13,640,000. In light of that, the Court can exercise traditional diversity jurisdiction over Atlas and supplemental jurisdiction over the other plaintiffs.

15.     But even if that were not the case and Atlas were disregarded not only in the citizenship analysis but also in the amount in controversy analysis, the individual plaintiffs each, on their own, satisfy the amount in controversy requirement. Every individual plaintiff seeks (1) "actual damages, not less than the liquidated damages under Daniel's Law, at '$1,000 for each violation,'" (2) "an additional amount in punitive damages, to be determined by the Court, for 'willful noncompliance' as allowed under Daniel's Law," (3) "reasonable attorneys' fees," and (4) "injunctive relief." Compl., Prayer for Relief. Adding together potential statutory, actual, and punitive damages, as well as the value of injunctive relief and attorneys' fees, each Plaintiff has put far more than $75,000 in controversy.

        i.     **Statutory Damages**

16.     Daniel's Law states that the Court may award "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act." N.J.S.A. 56:8-166.1c(1). Thus, each individual plaintiff has placed at least $1,000 in damages at issue.

17.     While Defendants deny that Plaintiffs have adequately pled or could establish any violation of the law or corresponding damages — and the arguments herein cannot, and should not, be construed as conceding liability or damages, *see Schor v. State Farm Fire and Cas. Ins. Co.*, 2015 WL 1230200, at *4 n. 1 (E.D. Pa. March 18, 2015) — the Complaint can plausibly be read to assert that multiple violations of Daniel's Law have occurred for each individual plaintiff. Plaintiffs allege that a violation occurred due to the disclosure of each covered person's (1) home address and (2) unlisted home telephone number. Compl. ¶¶ 21, 34, 40-41, 48-50. In addition, the Complaint alleges that violations occurred through three types of disclosure: (1) disclosure on the Internet, (2) re-disclosure on the Internet and (3) otherwise making protected information available. *Id*. Moreover, because Daniel's Law references "$1,000 for each violation of this act" without any definition of a "violation," and because no case law exists interpreting a "violation" under Daniel's Law, the Complaint can be read to plausibly allege (although Defendants dispute this) that each plaintiff suffered a new violation each time that Defendants allegedly did not comply with Daniel's Law. Multiplying these multiple types of alleged violations with multiple days and the $1,000 in liquidated damages, the Complaint plausibly alleges a significant potential award of liquidated damages for each plaintiff.

        ii.     **Actual Damages**

18.     Plaintiffs likely will argue that they suffered actual damages that exceed $1,000. To the extent Plaintiffs intend to allege that these are actual damages attributable to violations of

Daniel's Law, they are placing at issue claims that exceed the statutory minimum of $1,000 and potentially extend into the tens of thousands of dollars. Courts have recognized that the damages from pain and suffering alleged by plaintiffs can be worth more than $75,000. *See, e.g., Yucis*, 813 Fed. App'x at 782, n. 2 (holding that the plaintiff plausibly alleged more than $75,000 in controversy based on allegations that she experienced "pain, suffering, embarrassment, and humiliation" as a result of sexual harassment, as well as incurred attorneys' fees); *Tarr v. Ciasulli*, 853 A.2d 921, 928 (N.J. 2004) (holding that in statutory discrimination cases pursuant to the New Jersey Law Against Discrimination, "which by definition involve[s] willful conduct, the victim may recover all natural consequences of that wrongful conduct, including emotional distress and mental anguish damages arising out of embarrassment, humiliation, and other intangible injuries").

### iii. **Punitive Damages**

19.     Daniel's Law states that the Court may award "punitive damages upon proof of willful or reckless disregard of the law." N.J.S.A. 56:8-166.1c(2).  And Plaintiffs have asked the Court to award such damages for "willful noncompliance."  Compl., Prayer for Relief.  The Third Circuit has held that claims for punitive damages that are made in good faith "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3rd Cir. 2008) (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3rd Cir. 2004) (emphasis omitted)).  Thus, given the uncertainty about the outcome, the mere fact that Plaintiffs are seeking punitive damages is dispositive on the amount in controversy question.  *See also Valenta v. BI Inc.*, 2021 WL 7185785, at *5 (W.D. Pa. Oct. 8, 2021) ("Because Plaintiff's request for punitive damages is appropriately made, this is generally sufficient to satisfy the amount in controversy."); *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 207-08 (W.D. Pa. 2010) (holding that

the amount in controversy was satisfied based on plaintiff's request for punitive damages and rejecting the argument that the amount in controversy could not be satisfied because the plaintiff alleged only $10,000 in compensatory damages based on proceeds of an insurance policy that had already been tendered).

20.     Moreover, to the extent the Court believes it is necessary to do a calculation, N.J.S.A. 2A:15-5.14b establishes that as a matter of New Jersey law, defendants can be liable for punitive damages in amount up to "five times the liability of that defendant for compensatory damages *or $350,000, whichever is greater.*" (Emphasis added).    Thus, by seeking punitive damages under New Jersey law, Plaintiffs have presumptively placed $350,000 in controversy for each individual plaintiff.

        iv.    **Attorneys' Fees**

21.     In addition to actual/statutory damages and punitive damages, Daniel's Law states that the Court may award "reasonable attorney's fees."  N.J.S.A. 56:8-166.1c(3). "[I]n calculating the amount in controversy, we must consider potential attorney's fees. Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3rd Cir. 1997) (citation omitted); *see also Venuto v. Atlantis Motor Grp.*, LLC, 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) ("For purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law."); *Andrews v. Home Depot U.S.A., Inc.*, 2010 WL 5464303, at *3 (D.N.J. Dec. 29, 2010) ("Plaintiffs also seek punitive damages and attorney's fees, both of which may be aggregated with the compensatory damages when determining the amount in controversy.").

22.     A typical rule of thumb in the Third Circuit in calculating attorneys' fees to determine the amount in controversy is 30 percent of the compensatory and/or punitive damages. *See, e.g., Ciccone v. Progressive Specialty Ins. Co*., 2020 WL 7319777, at \*4 (M.D. Pa. Dec. 11, 2020) (including attorneys' fees in the amount of 30 percent of the total of plaintiff's compensatory and treble damages to find that plaintiff's individual claims met the amount in controversy); *Rodriguez v. Burlington County Corrections Dept*., 2015 WL 790521, at \*2 (D.N.J. Feb. 25, 2015) ("The Third Circuit has noted that attorney's fees can be estimated to be as high as 30% of the final judgment."). As outlined above, the Complaint plausibly alleges compensatory damages and punitive damages that already far exceed the $75,000 threshold for each individual plaintiff. But if those damages were increased by another 30 percent to account for attorneys' fees, there can be no doubt that the amount in controversy is satisfied.

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL, AND REMOVAL IS THEREFORE PROPER.

23.     No previous application has been made for the relief requested herein.

24.     Defendants are the only Defendants so no consent from other defendants is required pursuant to 28 U.S.C. § 1446(b)(2)(A).

25.     Plaintiff purported to serve the Complaint upon Defendants on March 11, 2024. Consequently, Defendants' Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446, as it was filed within thirty days after service of the Complaint.

26.     The Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as the United States District Court for the District of New Jersey embraces the Superior Court of New Jersey, where Plaintiffs' action was pending.

27.     As required by 28 U.S.C. § 1446(a), Defendants have attached the Complete State Court Record to its Notice of Removal, and it is enclosed herewith as **Exhibit B**.

28.     Pursuant to 28 U.S.C. § 1446(d), Defendants filed a written notice of this removal with the clerk of the Superior Court, where Plaintiffs' action was pending, and served copies of the Notice of Removal and the written notice of same on Plaintiffs' counsel.  A true and correct copy of this document is attached hereto as **Exhibit C**.

29.     Defendants hereby reserve all defenses and objections to the Complaint, including but not limited to: lack of personal jurisdiction, improper venue, *forum non conveniens*, insufficiency of process, insufficiency of service of process, failure to join necessary parties, lack of standing, and failure to state a claim

**WHEREFORE,** Defendants hereby remove this action to this Court for further proceedings.

Date:  March 29, 2024

By: *s/ David E. Sellinger*
David E. Sellinger
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 360-7900
*Attorneys for Defendants*

# EXHIBIT A

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, and Peter Andreyev*

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-_____-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer) and Peter Andreyev (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

## INTRODUCTION

1.      In these tumultuous times, it is critical that the most sensitive personal information of those who serve the public be protected from unwarranted disclosure.  As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who serve – and their families – must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve.  Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief

and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## **BACKGROUND**

### **Passage of Daniel's Law in New Jersey**

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

7.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**New Jersey Passes Daniel's Law in 2020**

8.      In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.      Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.      Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

4

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).
[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

## THE PARTIES

### The Individual Plaintiffs

15.     Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside.  Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address.  Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

16.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department.  Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state.  During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service.  Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from

harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

17.     Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

18.     As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 13,640 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

19.     The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

20.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

21.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

22.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

23.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

24.     Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a covered person under Daniel's Law.  Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1  **We identify data brokers that may be disclosing your personal information.** As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2  **You select the data brokers to whom you want to send takedown notices.** We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3  **You review takedown notice templates.** AtlasMail provides you with templates for takedown notice emails.

4  **You send takedown notices.** Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

**Back**                                                    **Next**

25.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:

## How AtlasMail Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

- ✓ Upon completing this signup process, a new email account will be created for your personal use. It will be:
  **john.doe23@atlasmail.com**
- ✓ You can access this email account from within the Atlas web application.
- ✓ This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

Back                                                         Next

26.     Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to.  On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices.  If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below).  Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.



27.     Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:





28.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those

Covered Persons.  This lawsuit seeks to protect their privacy without unnecessarily putting those

individuals in the spotlight.  Atlas will work with the Court and Defendants to implement a

protective order to then provide Defendants with the assignments and other information for each

of the Covered Persons.

**Defendants**

29.     Defendant GOHUNT, LLC is an entity that discloses or re-discloses on the Internet

or otherwise makes available the home addresses and/or unpublished home telephone numbers of

covered persons.

30.     Defendant GOHUNT MANAGEMENT HOLDINGS, LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

31.     Defendant GOHUNT MANAGEMENT HOLDINGS II, LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

32.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

33.     Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

gohunt.com

34.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).  The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:

_____

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.

14



35.     Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

36.     This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

37.     Venue is proper pursuant to R. 4:3-2, in that Bergen County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

38.     As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020,

c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

39.     Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet

or otherwise making available the home addresses or unpublished home telephone numbers of

covered persons as defined in the law, upon a written request by those individuals.

40.     Upon notification, and no later than 10 business days after receipt, a data broker

must not disclose or re-disclose on the Internet or otherwise make available the home addresses or

unpublished home telephone numbers of the covered person.

41.     This includes a mandate that within 10 business days of receiving a nondisclosure

request, the data broker shall not disclose the protected information of the covered person.

Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver,

transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and

shall include making available or viewable within a searchable list or database, regardless of

whether a search of such list or database is actually performed."

42.      Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was

passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was

thereafter signed by the Governor on July 20, 2023.

43.     Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1,

went into effect immediately.

44.     As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and
> not later than 10 business days following receipt thereof, a person, business,

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

c. The court shall award:

> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

> (2) punitive damages upon proof of willful or reckless disregard of the law;

> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and

> (4) any other preliminary and equitable relief as the court determines to be appropriate.

d. For the purposes of this section:

> …"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

45.     Starting on or about December 26, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

46.     For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:

**Data Subject Request – Redaction/nondisclosure Request**

| | |
|---|---|
| **To** | privacy@gohunt.com |
| **From** | Peter Andreyev <███████████@atlasmail.com> |
| **Date** | Tue, Dec 26, 2023 2:41 AM UTC-0500 |

GOHUNT
December 26, 2023

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Home Address: ████████████████████████

Sincerely,
Peter Andreyev

47.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

48.     Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

49.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

50.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## COUNT ONE

### (Daniel's Law)

51.    The allegations of the Complaint set forth above are included herein as if set forth at length.

52.    The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

53.    Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

54.    As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

55.    Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

56.    As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

57.    As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh

Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
*Attorneys for Plaintiffs*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 8, 2024                    By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

21

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated.  Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

GENOVA BURNS LLC

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

GENOVA BURNS LLC

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-000870-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO  VS GOHUNT, LLC

**Case Initiation Date:** 02/08/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY CORPORATION

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER Daniel's Law

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY CORPORATION?** NO

**Are sexual abuse claims alleged by: JANE DOE 1?** NO

**Are sexual abuse claims alleged by: PETER ANDREYEV?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2024                                                          /s/ RAJIV D PARIKH
Dated                                                              Signed

# EXHIBIT B

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, and Peter Andreyev*

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-_____-24 <br><br> <u>**CIVIL ACTION**</u> <br><br><br> **COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer) and Peter Andreyev (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

## <u>INTRODUCTION</u>

1. In these tumultuous times, it is critical that the most sensitive personal information of those who serve the public be protected from unwarranted disclosure.  As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2. This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

3. The Legislature and Governor unanimously agree that the basic safety of those who serve – and their families – must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve.  Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4. With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief

and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

7.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**New Jersey Passes Daniel's Law in 2020**

8.      In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.      Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).
[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

## THE PARTIES

### The Individual Plaintiffs

15.     Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside.  Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address.  Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

16.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department.  Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state.  During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service.  Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from

harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

17.     Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

18.     As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 13,640 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

19.     The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

20.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

21.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

7

22.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

23.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

24.     Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a covered person under Daniel's Law.  Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify** data brokers that may be disclosing your personal information. As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select** the data brokers to whom you want to send takedown notices. We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review** takedown notice templates. AtlasMail provides you with templates for takedown notice emails.

4   **You send** takedown notices. Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

Back                                                           Next

25.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:

## How AtlasMail Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

✓   Upon completing this signup process, a new email account will be created for your personal use. It will be:
    **john.doe23@atlasmail.com**

✓   You can access this email account from within the Atlas web application.

✓   This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

Back                                                                     Next

26.     Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to. On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices. If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.



27.     Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:





28.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.  This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight.  Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

**Defendants**

29.     Defendant GOHUNT, LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

30.     Defendant GOHUNT MANAGEMENT HOLDINGS, LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

31.     Defendant GOHUNT MANAGEMENT HOLDINGS II, LLC is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

32.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

33.     Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

gohunt.com

34.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).  The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:

---

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.



35.     Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

36.     This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

37.     Venue is proper pursuant to R. 4:3-2, in that Bergen County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

38.     As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

39.     Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

40.     Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

41.     This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

42.     Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

43.     Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

44.     As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business,

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.

b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.

c. The court shall award:

(1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

(2) punitive damages upon proof of willful or reckless disregard of the law;

(3) reasonable attorney's fees and other litigation costs reasonably incurred; and

(4) any other preliminary and equitable relief as the court determines to be appropriate.

d. For the purposes of this section:

…"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

45.    Starting on or about December 26, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

46.    For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:

## Data Subject Request – Redaction/nondisclosure Request

**To**        privacy@gohunt.com
**From**      Peter Andreyev <███████████@atlasmail.com>
**Date**      Tue, Dec 26, 2023 2:41 AM UTC-0500

GOHUNT
December 26, 2023

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Home Address: ████████████████████

Sincerely,
Peter Andreyev

47.      Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

48.      Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

49.      All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

50.      The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

18

## COUNT ONE

### (Daniel's Law)

51.     The allegations of the Complaint set forth above are included herein as if set forth at length.

52.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

53.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

54.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

55.     Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

56.     As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

57.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh

Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
*Attorneys for Plaintiffs*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to <u>R.</u> 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to <u>Rule</u> 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 8, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-000870-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO  VS GOHUNT, LLC

**Case Initiation Date:** 02/08/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY CORPORATION

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER Daniel's Law

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY CORPORATION?** NO

**Are sexual abuse claims alleged by: JANE DOE 1?** NO

**Are sexual abuse claims alleged by: PETER ANDREYEV?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2024
Dated

/s/ RAJIV D PARIKH
Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   FEBRUARY 08, 2024
                        RE:     ATLAS DATA PRIVACY C ORPORATIO  VS GOHUNT, LLC
                        DOCKET: BER L -000870 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON NICHOLAS OSTUNI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 221-0700 EXT 25627.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                            ATT: RAJIV D. PARIKH
                            GENOVA BURNS LLC
                            494 BROAD ST 6TH FL
                            NEWARK          NJ 07102


ECOURTS
```



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777 **Fax:** 973.814.4045
**Web:** www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

March 19, 2024

## VIA ECOURTS

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

> **Re:** **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
> **Docket No.: BER-L-767-24**
> **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
> **Docket No.: MON-L-481-24**
> **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
> **Docket No.: MER-L-270-24**
> **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
> **Docket No.: MID-L-811-24**
> **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
> **Docket No.: MRS-L-224-24**

Dear Judge:

We write on behalf of the Plaintiffs in the above referenced matters and the matters in the enclosed notices of motion. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on March 28, 2024 (the "Motions").

Newark, NJ  •  New York, NY  •  Lambertville, NJ  •  Philadelphia, PA  •  Jersey City, NJ  •  Basking Ridge, NJ



GENOVA
BURNS
ATTORNEYS-AT-LAW

The Honorable John D. O'Dwyer, P.J.Cv.
The Honorable Douglas H. Hurd, P.J.Cv.
The Honorable Marcy M. McMann, J.S.C.
The Honorable Lourdes Lucas, J.S.C.
The Honorable Joseph L. Rea, J.S.C.
March 19, 2024
Page 2 of 2

To preserve judicial resources and alleviate the burden on courts with filing approximately one-hundred and fifty (150) motions to consolidate across five (5) counties, Plaintiffs filed one (1) consolidation motion in the first action filed in the aforementioned counties. Plaintiffs are hopeful that Defendants will likewise file any opposition(s) under these dockets to reduce the total number of communications and/or motion papers filed by counsel and reduce the burden on the courts.

Since filing the Motions, Plaintiffs' counsel have emailed numerous counsel who had advised via email that they represent Defendants in these actions, providing the identified defense counsel with a courtesy copy of Plaintiffs' motion to consolidate. It appears that most of those counsel have not yet filed notices of appearance with the courts, and Plaintiffs' counsel are hopeful that they do that soon to provide for a more streamlined notification process going forward.

Counsel for a number of the Defendants have requested an adjournment of the pending motions to consolidate.

In an effort to accommodate the adjournment requests from Defendants' counsel, and to provide an additional opportunity for counsel and any non-represented Defendants to review and respond to Plaintiffs' motions to consolidate and respond thereto, Plaintiffs are willing to adjourn the motions one (1) motion cycle.

Plaintiffs respectfully request an adjournment of the motions from March 28, 2024 to April 12, 2024. Plaintiffs also respectfully propose and request that any opposition(s) by Defendants must be filed on or before April 1, 2024, and any reply brief(s) by Plaintiffs must be filed on or before April 8, 2024. As noted, Plaintiffs are hopeful that Defendants will coordinate with regards to any opposition(s), to reduce the burden on the courts.

Thank you for your time and attention to this matter.

Respectfully submitted,

**GENOVA BURNS LLC**

s/Rajiv D. Parikh

RDP/JJB:lq                    RAJIV D. PARIKH
17480522(25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000767-24<br><br><u>**CIVIL ACTION**</u><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>MYLIFE.COM, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000768-24<br><br><u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>                    Plaintiffs,<br><br>v. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000769-24<br><br><u>**CIVIL ACTION**</u> |

SOCIAL CATFISH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

       Defendants.

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

       Plaintiffs,

v.

COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

       Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000770-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

       Plaintiffs,

v.

SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

       Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000771-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

       Plaintiffs,

v.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000772-24

**CIVIL ACTION**

INTELAGE SYSTEMS CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

               Defendants.

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

               Plaintiffs,

v.

CORELOGIC, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

               Defendants.

SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000773-24

**<u>CIVIL ACTION</u>**

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

               Plaintiffs,

v.

BOUNDARY SOLUTIONS, INCORPORATED, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

               Defendants.

SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000793-24

**<u>CIVIL ACTION</u>**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000794-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SWORDFISH AI INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000810-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TRANSUNION, LLC, NEUSTAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000811-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000812-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>ONXMAPS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000813-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>LUSHA SYSTEMS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000814-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNMASK LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000815-24 <br><br> <u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br> v. <br><br> MAPRIGHT INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000818-24 <br><br> <u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br> v. <br><br> PRECISELY HOLDINGS LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000819-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DELUXE CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000821-24<br><br><u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV<br><br>    Plaintiffs,<br><br>v.<br><br>SYNC.ME TECHNOLOGIES, LTD., SYNC.ME LTD, RICHARD ROES 1-10,<br>fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000822-24<br><br><u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV,<br><br>          Plaintiffs,<br><br>    v.<br><br>OFFICIALUSA.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000849-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>          Plaintiffs,<br>v.<br><br>E-MERGES.COM INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000854-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000855-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MAIN STREET RESPONSE LLC, DBA ID TRUE, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000856-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000866-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NATIONAL SEARCH ASSOCIATION CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000867-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ATDATA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000868-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLARITAS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>SAGEWIRE RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000869-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000870-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000871-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| RE/MAX, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000872-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFOMATICS LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000873-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ROCKETREACH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000874-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000875-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000878-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000917-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| ORACLE INTERNATIONAL CORPORATION, ORACLE AMERICA, INC., ORACLE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000918-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| AMSIVE, LLC, AMSIVE AQ LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000919-24 |
| **Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| EQUIFAX INC., KOUNT INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| **Defendants.** | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000920-24 |
| **Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| CHOREOGRAPH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| **Defendants.** | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000969-24 |
| **Plaintiffs,** | **CIVIL ACTION** |
| v. | |
| THE ALESCO GROUP, L.L.C., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| **Defendants.** | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USPHONESEARCH.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000970-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDVISORS NETWORK, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000971-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-001038-24 <br><br> **CIVIL ACTION** |

TO:  All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey 07601 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461411v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WHITEPAGES INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000270-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> BLACK KNIGHT TECHNOLOGIES, LLC, BLACK KNIGHT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000271-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE LIFETIME VALUE CO. LLC, BEENVERIFIED, INC., NEIGHBORWHO LLC, THE NUMBERGURU, LLC, PEOPLELOOKER LLC, PEOPLESMART LLC, OWNERLY, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000272-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATTOM DATA SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000273-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MYHERITAGE LTD., MYHERITAGE (USA), INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000282-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000283-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACXIOM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| HIYA INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUCKY2MEDIA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000286-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000288-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000290-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CIVIL DATA RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000292-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROPERTYRADAR, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000293-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000294-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PREVILON, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000297-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| I360, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000299-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SCSD HOLDINGS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DYNATA LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000308-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHTBOX PARENT, L.P., LIGHTBOX HOLDINGS, L.P., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000309-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SMARTY, LLC, SMARTYSTREETS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000310-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000311-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ADSTRA, LLC, ADSTRA INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000319-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| COCOFINDER.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000320-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| AREAPLOT, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000328-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| FIRST DIRECT, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000335-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| TELEPHONEDIRECTORIES.US, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Mercer County, 175 S. Broad Street, Trenton, New Jersey 08608 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461427v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NJ PROPERTY RECORDS, LLC, STATE INFORMATION SERVICES LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000811-24<br><br><u>CIVIL ACTION</u><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000812-24<br><br><u>CIVIL ACTION</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000814-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DIGITAL SAFETY PRODUCTS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000815-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFOPAY, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000847-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| RADARIS, LLC, RADARIS AMERICA, INC., ANDTOP CORP., ALBERA LIMITED BITSELLER EXPERT LIMITED, ACCURACY CONSULTING LTD., VIRTURA CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> ACCURATE APPEND, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000848-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> OUTSIDE INTERACTIVE, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000849-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> GLAD I KNOW INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000850-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>TELTECH SYSTEMS, INC., EPIC ENTERPRISES, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000859-24<br><br><u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>      Plaintiffs,<br><br>v.<br><br>ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000898-24<br><br><u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> REVEALNAME.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000901-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VERISK ANALYTICS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000903-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEARCHBUG, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000904-24 <br><br> **CIVIL ACTION** |

Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000915-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST AMERICAN FINANCIAL CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000988-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 6SENSE INSIGHTS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000989-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GIANT PARTNERS, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000990-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DM GROUP, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000991-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INSIDERE, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000992-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| OWMN, LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>       Plaintiffs, <br><br> v. <br><br> AMERILIST INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001052-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>       Plaintiffs, <br><br> v. <br><br> PEOPLEWHIZ, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001063-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>       Plaintiffs, <br><br> v. <br><br> STIRISTA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001221-24 <br><br> **CIVIL ACTION** |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Middlesex County, 56 Paterson Street, New Brunswick, New Jersey 08901 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461434v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PIPL, INC., RICHARD ROES 1-10, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000481-24<br><br>**CIVIL ACTION**<br><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RED VIOLET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000482-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000483-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>PEOPLECONNECT, INC., PEOPLECONNECT HOLDINGS, INC., INTELIUS, LLC, PEOPLECONNECT INTERMEDIATE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000484-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>BATCHSERVICE LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000485-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOY ROCKWELL ENTERPRISES, INC DBA POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000486-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHECKPEOPLE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000506-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM R. WETZEL, WENDY E. WETZEL, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000507-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000508-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000510-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLNUT.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000512-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>PEOPLE DATA LABS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000515-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>SEARCH QUARRY, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000516-24<br><br>CIVIL ACTION |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>PETER KAWASAKI, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000517-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>EPSILON DATA MANAGEMENT, LLC, CONVERSANT LLC, CITRUS AD INTERNATIONAL, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000533-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000534-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000535-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>NEIGHBOR.REPORT, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000537-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>SPECIALISTS MARKETING SERVICES, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000539-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>ACCUZIP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000554-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>WILAND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000577-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>LTRAC LLC, BUILDOUT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000694-24<br><br>**<u>CIVIL ACTION</u>** |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Monmouth County, 71 Monmouth Street, Freehold, New Jersey 07728 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461447v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000224-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | **NOTICE OF MOTION TO CONSOLIDATE** |
| MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000225-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NUWBER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000226-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TWILIO INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and | |

ABC COMPANIES 1-10, *fictitious names of unknown entities*,

           Defendants.

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,

           Plaintiffs,

    v.

SPOKEO, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

           Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, MORRIS COUNTY
DOCKET NO.: MRS-L-000227-24

**<u>CIVIL ACTION</u>**

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,

           Plaintiffs,

    v.

ZENLEADS INC. D/B/A APOLLO.IO, ZENLEADS HOLDINGS LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

           Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, MORRIS COUNTY
DOCKET NO.: MRS-L-000228-24

**<u>CIVIL ACTION</u>**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>411.INFO CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000229-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DATABASEUSA.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000230-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REIPRO LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000231-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CALLERSMART INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000237-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SKOPENOW, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000241-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEHASHED.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000242-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BLACKBAUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000243-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DELVEPOINT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000244-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INFORMATION.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000245-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000247-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LOCATEPLUS HOLDINGS CORPORATION (F.K.A. LOCATE PLUS.COM, F.K.A. WORLDWIDE INFORMATION INC.), RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000249-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VERICORA.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000256-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLUSTRMAPS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE PEOPLE SEARCHERS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000257-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>REMINE INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000258-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000259-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000260-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TELNYX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000261-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THRYV, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000263-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SPYCLOUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000270-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CARCO GROUP INC., INTELLICORP RECORDS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000271-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| COMMERCIAL REAL ESTATE EXCHANGE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INNOVIS DATA SOLUTIONS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AMERICA, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000286-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000320-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>US DATA CORPORATION, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000323-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000325-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THE OPEN DATA PEOPLE, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000379-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| WE INFORM, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000483-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AGR GROUP INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Morris County, 56 Washington Street, Morristown, New Jersey 07960 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461459v1 (25221.001)

# EXHIBIT C

David E. Sellinger
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 360-7900
*Attorneys For Defendants*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *an assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals*, and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L-870-24<br><br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

To:   Court Clerk
      10 Main Street
      Hackensack, New Jersey 07601

      Rajiv D. Parikh
      Kathleen Barneet Einhorn
      PEM Law LLP
      1 Boland Dr Suite 101
      West Orange, NJ 07052

      Genova Burns LLC
      494 Broad Street
      Newark, NJ 07102

      John A. Yanchunis
      Ryan J. McGee
      Morgan & Morgan Complex Litigation Group
      201 North Franklin Street, 7th Floor
      Tampa, FL 33602

PLEASE TAKE NOTICE that Defendants through their attorneys Greenberg Traurig, LLP have this day filed a Notice of Removal, a true copy of which is attached hereto as Exhibit A, in the above-entitled action with the Clerk of the United States District Court for the District of New Jersey, effectuating the removal of this action from the Superior Court of New Jersey, Law Division, Bergen County.

Date:  March 29, 20024

By: *David E. Sellinger*
David E. Sellinger
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 360-7900
*Attorneys for Defendants*