**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| | Civil Action No. 24-4380 |
| *Plaintiffs*, | |
| | (Hon. Harvey Bartle, III) |
| v. | |
| | **Oral Argument Requested** |
| GOHUNT, LLC, et al., | |
| | Motion Day: |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| *Plaintiffs*, | |
| | Civil Action No. 24-4096 |
| v. | |
| DELVEPOINT LLC, et al., | |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| *Plaintiffs*, | |
| | Civil Action No. 24-4261 |
| v. | |
| EQUIMINE, INC., et al., | |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| *Plaintiffs*, | |
| | Civil Action No. 24-4292 |
| v. | |
| MELISSA DATA CORP., et al., | |
| *Defendants*. | |

i

ATLAS DATA PRIVACY CORPORATION,
et al.,

*Plaintiffs*,

v.

NUWBER, INC., et al.,

*Defendants*.

Civil Action No. 24-4609

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

*Plaintiffs*,

v.

BELLES CAMP COMMUNICATIONS,
INC., et al.,

*Defendants*.

Civil Action No. 24-4949

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

*Plaintiffs*,

v.

SPY DIALER, INC., et al.,

*Defendants*.

Civil Action No. 24-11023

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

*Plaintiffs*,

v.

LIGHTHOUSE LIST COMPANY, LLC, et
al.,

*Defendants*.

Civil Action No. 24-11443

ii

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| *Plaintiffs,* | |
| v. | Civil Action No. 24-4098 |
| QUANTARIUM ALLIANCE, LLC, et al., | |
| *Defendants.* | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| *Plaintiffs,* | |
| v. | Civil Action No. 24-4434 |
| E-MERGES.COM INC., et al., | |
| *Defendants.* | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| *Plaintiffs,* | |
| v. | Civil Action No. 25-0237 |
| PEOPLEWHIZ, INC., et al., | |
| *Defendants.* | |

## DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF MOTON TO DISMISS PURSUANT TO RULE 12(B)(2)

iii

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ............................................................................v

INTRODUCTION ........................................................................................1

BACKGROUND ..........................................................................................2

LEGAL STANDARD....................................................................................5

ARGUMENT ..............................................................................................6

    I.     No Moving Defendant Is Subject to General Jurisdiction in
         New Jersey. ........................................................................8

    II.    No Moving Defendant Is Subject to an Exercise of Specific
         Jurisdiction. ......................................................................11

         A.    No Moving Defendant has purposefully availed itself of
              New Jersey. ..................................................................12

         B.    Plaintiffs' claims do not arise out of or relate to any
              threadbare connection a Moving Defendant may have
              with New Jersey. ...........................................................16

         C.    In any event, exercising personal jurisdiction over the
              Moving Defendants would not comport with "principles
              of fair play and substantial justice."................................21

    III.   The Court Should Deny Any Request for Jurisdictional
         Discovery Because Plaintiffs' Boilerplate Complaints Fail to
         Provide Even "Some Basis" for Jurisdiction. ......................24

CONCLUSION...........................................................................................26

ACTIVE 708783672v1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amberson Holdings LLC v. Westside Story Newspaper*,
  110 F. Supp. 2d 332 (D.N.J. 2000)....................................................................19

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
  334 F. Supp. 2d 629 (D.N.J. 2004)....................................................................23

*Atlas Data Priv. Corp. v. We Inform LLC*,
  No. 24-cv-4037, 2024 WL 4905924 (D.N.J. Nov. 26, 2024)..............................3

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (2017)..............................................................16, 18, 21, 22, 23

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..............................................................................21, 22, 23

*M.H. ex rel. C.H. v. Omegle.com LLC*,
  No. 20-cv-11294, 2021 WL 1050234 (D.N.J. Mar. 19, 2021)....................13, 14

*Castillero v. Xtend Healthcare, LLC*,
  No. 22-cv-2099, 2023 WL 8253049 (D.N.J. Nov. 29, 2023)..............................9

*Chavez v. Dole Food Co.*,
  836 F.3d 205 (3d Cir. 2016) ...............................................................................9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)........................................................................6, 8, 9, 11, 16

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016)..............................................................9, 10

*D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*,
  566 F.3d 94 (3d Cir. 2009) .........................................................................12, 21

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
  623 F.3d 147 (3d Cir. 2010) .............................................................................25

*Fidrych v. Marriott Int'l, Inc.*,
  952 F.3d 124 (4th Cir. 2020) ............................................................................15

v

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021)................................................................16, 19, 20

*Griggs v. Swift Transp. Co.*,
    No. 17-cv-13480, 2018 WL 3966304 (D.N.J. Aug. 17, 2018)............................8

*Hasson v. FullStory, Inc.*,
    114 F.4th 181 (3d Cir. 2024) ........................................6, 11, 12, 13, 16

*Hepp v. Facebook*,
    14 F.4th 204 (3d Cir. 2021) ..................................................12, 16, 20

*Hurley v. Cancun Playa Oasis Int'l Hotels*,
    No. 99-cv-574, 1999 WL 718556 (E.D. Pa. Aug. 31, 1999)............................13

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011)............................................................13, 19

*Kim v. Korean Air Lines Co.*,
    513 F. Supp. 3d 462 (D.N.J. 2021)........................................11, 13, 23

*Kloth v. S. Christian Univ.*,
    320 F. App'x 113 (3d Cir. 2008) ......................................................14

*Lincoln Benefit Life Co. v. AEI Life, LLC*,
    800 F.3d 99 (3d Cir. 2015) ..........................................................24

*Malik v. Cabot Oil & Gas Corp.*,
    710 F. App'x 561 (3d Cir. 2017) ..................................................11, 25

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007) ........................................................6, 12

*Martinez v. Union Officine Meccaniche S.P.A.*,
    No. 22-1364, 2023 WL 3336644 (3d Cir. May 10, 2023)............................17, 20

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
    960 F.2d 1217 (3d Cir. 1992) ..........................................................6

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004) ..........................................................5, 6

ACTIVE 708783672v1

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007) ...............................................................23

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
    819 F.2d 434 (3d Cir. 1987) .............................................................5, 9

*Rickman v. BMW of N. Am. LLC*,
    538 F. Supp. 3d 429 (D.N.J. 2021).......................................13, 14, 19

*Rodriquez Rivera v. Loto Grp., LLC*,
    No. 20-cv-4062, 2020 WL 7384720 (D.N.J. Dec. 16, 2020) ...............8

*Rush v. Savchuk*,
    444 U.S. 320 (1980).............................................................................25

*S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*,
    79 F. Supp. 2d 537 (E.D. Pa. 1999) ....................................................14

*Simplot India LLC v. Himalaya Food Int'l Ltd.*,
    No. 23-cv-1612, 2024 WL 1136791 (D.N.J. Mar. 15, 2024).................1

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003) ...............................................11, 24, 26

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
    75 F.3d 147 (3d Cir. 1996) ............................................................7, 19

*Walden v. Fiore*,
    571 U.S. 277 (2014)...............................................................7, 12, 16, 19

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)........................................................................14, 22

**Statutes & Rules**

Fed. R. of Civ. P. 12(b)(2) ............................................................1, 5, 26

N.J.S.A. § 56:8-166.1..........................................................................4, 17

ACTIVE 708783672v1

Defendants listed in the caption above (collectively, the "Moving Defendants") move to dismiss their respective complaints under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1]

## INTRODUCTION[2]

The relevant caselaw is clear: Merely operating a website that is accessible from New Jersey is insufficient to establish personal jurisdiction over the website operator in this Court. Plaintiffs fail to allege even a *prima facie* case supporting jurisdiction over the Moving Defendants, who are all Internet-based companies that are incorporated (or formed) and headquartered outside of New Jersey and do not target New Jersey with their websites. For example, none of the Moving Defendants maintain offices or other locations in New Jersey, none of them is registered to do business in New Jersey,[3] and none of them specifically tailors advertisements or

---

[1] Although this motion arises after the Court has already considered some threshold issues in this case, the Court had otherwise stayed the case pending review of those issues and explicitly preserved Defendants' ability to later raise any applicable defenses, including lack of personal jurisdiction. *See* Order, *Atlas Data Privacy Corp. v. GoHunt LLC et al.*, No. 24-cv-4380, ECF No. 13 (May 8, 2024).

[2] The Moving Defendants are separately filing individual affidavits and brief supplemental memoranda of law to explain how the general legal principles discussed in this consolidated brief apply to their individual facts.

[3] Indeed, even registering to do business in New Jersey would not be enough to support jurisdiction. *See Simplot India LLC v. Himalaya Food Int'l Ltd.*, No. 23-cv-1612, 2024 WL 1136791, at *9 (D.N.J. Mar. 15, 2024) ("New Jersey's business registration statutes do not evidence that Respondent consented to jurisdiction by registering as a foreign profit corporation in New Jersey.").

1

other marketing to New Jersey. Moreover, even as it relates to these claims specifically, none of the email boxes to which the purported takedown requests were sent are maintained or managed in New Jersey, nor did any putative (though unpleaded) negligence occur in the forum. Any alleged action or inaction resulting in takedown requests purportedly going unheeded, and giving rise to the claims here, occurred elsewhere. With such tenuous connections between the Moving Defendants and New Jersey, personal jurisdiction cannot lie.

Nor does the connection between New Jersey and the takedown requests in this case support jurisdiction. Plaintiffs allege that the takedown requests were sent *from* New Jersey *to* email boxes that the Moving Defendants manage and maintain outside of New Jersey. Courts consistently reject this type of unilateral action by plaintiffs as a basis for personal jurisdiction.

With no other basis to support personal jurisdiction over the Moving Defendants, the Court should dismiss these cases.

## BACKGROUND[4]

The Moving Defendants are among the nearly 150 companies sued by Plaintiff Atlas Data Privacy Corp. ("Atlas"), on behalf of thousands of assignors, along with individual Plaintiffs Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott

---

[4] The Moving Defendants treat the allegations in their respective complaints as true for the purpose of this motion only.

ACTIVE 708783672v1

Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan[5] (collectively, with Atlas, the "Plaintiffs") for alleged violations of New Jersey's Daniel's Law. Plaintiffs' Complaints against the various defendants are nearly identical and the allegations are essentially indistinguishable save for minor, non-substantive adjustments.[6] As the Court succinctly summarized, "[a]ccording to the plaintiffs, defendants are entities which continue to make available their home addresses and unlisted phone numbers in violation of Daniel's Law." *Atlas Data Priv. Corp. v. We Inform LLC*, No. 24-cv-4037, 2024 WL 4905924, at *1 (D.N.J. Nov. 26, 2024) ("1A Order"). As the Court is familiar with the Complaints and the history of the litigation, the Moving Defendants emphasize here only the details relevant to personal jurisdiction.

Plaintiffs allege that the Moving Defendants "offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey" through their respective websites. Compl. ¶ 33. Plaintiffs claim that

---

[5] The individual Plaintiffs are not identical across all Complaints. The names listed above encompass all the individual Plaintiffs who appear in any of the Complaints filed against the Moving Defendants.

[6] Citations to the Complaint are to the Complaint filed in *Atlas Data Privacy Corp. v. GoHunt LLC et al.*, No. 24-cv-4380. The same allegations appear in the Complaints for each Moving Defendant with potentially slightly different paragraph numbering.

ACTIVE 708783672v1

each Moving Defendant's "business model" allows "visitors, users, or customers [to] obtain a name and home address and/or a name and unpublished home telephone number." *Id.* ¶ 34.  And Plaintiffs refer to all Moving Defendants indiscriminately, and often falsely, as "data brokers." *See id.* ¶¶ 39-41.

Plaintiffs allege that Atlas "recommended [a] list of data brokers" to its users, who could then choose from among a list of companies to send takedown notices to. *Id.* ¶¶ 25-27.  After "batching" these takedown requests and deciding when to send them, *see* Atlas's Daniel's Law Service Terms ¶ 4(d)(iv), Sellinger Decl., Ex. A (ATLAS-ALL-00000005), Atlas—not the "Covered Persons"[7]—caused takedown requests to be sent to the selected "data brokers" in batches of thousands over the winter holidays, Compl. ¶¶ 27, 46.  Plaintiffs allege that the Moving Defendants "failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information" of the Covered Persons "within [10 business days,] the time period required by Daniel's Law." Compl. ¶ 47.  Moreover, Plaintiffs must prove—though they have not alleged—that any failure to remove the requested information from a website occurred negligently.  *See* 1A Order at *12

---

[7] Daniel's Law only applies to statutorily defined "covered persons." *See* N.J.S.A. 56:8-166.1(d).  Atlas is not a covered person.  Accordingly, the Moving Defendants refer to Atlas's assignors and the Individual Plaintiffs, collectively, as the Covered Persons.

ACTIVE 708783672v1

(holding that Daniel's Law imposes a negligence standard).[8] Plaintiffs bring a single cause of action against each Moving Defendant for the purported failure to timely comply with the Covered Persons' takedown requests.  Compl. ¶¶ 51-57 (Count One).

The Complaints do not allege any facts regarding the Moving Defendants' places of incorporation (or formation) or headquarters or any purported contacts that the Moving Defendants have with New Jersey, other than the mere accessibility of their websites in the forum and the fact that a New Jersey corporation (*i.e.*, Atlas) allegedly sent takedown requests to them.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party.  Fed. R. Civ. P. 12(b)(2).  "A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987).  The State of New Jersey recognizes personal jurisdiction coterminous with the limits of the federal Constitution.  *Miller*

---

[8] Although the Moving Defendants are appealing the Court's decision, Plaintiffs have already taken the position—in an effort to save Daniel's Law from constitutional scrutiny—that the plain text of the statute applies a negligence standard.  *See* Pls.' Suppl. Br. in Opp. to Defs.' Consol. Mot. to Dismiss, *Atlas Data Priv. Corp. v. Lightbox Parent, L.P.*, No. 24-cv-04105 (D.N.J. Oct. 11, 2024), ECF No. 67.  So, regardless of the result of the appeal, Plaintiffs will be required, at a minimum, to prove that each defendant was negligent.

ACTIVE 708783672v1

*Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4–4(c)).

On a motion to dismiss for lack of personal jurisdiction, it is "the plaintiff [who] bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). To survive the Moving Defendants' motion to dismiss here, Plaintiffs are required to present a *prima facie* case that personal jurisdiction exists. *See Miller Yacht Sales*, 384 F.3d at 94. To make their case, Plaintiffs must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

## ARGUMENT

Plaintiffs have failed to present even a *prima facie* case that this Court could exercise either "general or all-purpose jurisdiction" or "specific or conduct-linked jurisdiction" over the Moving Defendants. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). First, no Moving Defendant is subject to general jurisdiction in New Jersey because none is "essentially at home" here. *Id.* Second, specific jurisdiction is unavailable because the Moving Defendants have not "purposefully availed" themselves of the forum. *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024). Nor do the Daniel's Law claims in this case "arise out of or relate to" any Moving Defendants' actions conducted in the state. *Id.* In any event, the exercise

of specific jurisdiction here would not comport with "fair play and substantial justice." *Id.* Lastly, given that Plaintiffs have not met their burden to make out a prima facie case for jurisdiction in the Complaints, the Court should deny any request for jurisdictional discovery.

The only bases Plaintiffs assert to support jurisdiction are (1) that "the parties reside and/or conduct business in New Jersey, along with the Covered Persons," and (2) that "the unlawful actions complained of herein occurred in New Jersey." Compl. ¶ 36. But neither allegation supports jurisdiction. First, Plaintiffs do not allege that any *defendant* actually "conducts business" in New Jersey, other than having a universally accessible website available in the forum. Yet caselaw is unmistakably clear that merely offering a universally accessible website is insufficient to support personal jurisdiction. Plaintiffs instead strain to show jurisdiction by attributing their own contacts with New Jersey to the Moving Defendants. This is factually illogical and legally untenable. "[T]he cause of action [must] arise[] from the *defendant's* forum related activities." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (emphasis added); *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[T]he defendant's suit-related conduct must create a substantial connection with the forum State" to support jurisdiction). And the alleged "unlawful actions complained of" in the Complaints—*i.e.*, the negligent failure to take down information requested in a valid takedown

7

request—would have occurred in the place where the Moving Defendants hypothetically received a request they could act on, yet Plaintiffs do not allege that any of the Moving Defendants maintained or managed an email account or website, or took any action, in New Jersey.

The Court should, accordingly, dismiss these cases for lack of personal jurisdiction.

## I.    No Moving Defendant Is Subject to General Jurisdiction in New Jersey.

There is no general jurisdiction over the Moving Defendants because none of the Moving Defendants is "fairly regarded as at home" in New Jersey. *Daimler*, 571 U.S. at 137 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* (cleaned up). That rule applies "to limited liability companies with equal force." *Griggs v. Swift Transp. Co.*, No. 17-cv-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018); *see also Rodriquez Rivera v. Loto Grp., LLC*, No. 20-cv-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) ("[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of formation"). Here, each Moving Defendant is incorporated or was formed outside the forum, and none has its principal place of business in New Jersey.

8

Indeed, the Court has already found as much.  *See* 1A Order at *1 ("All defendants [not remanded] are citizens of states other than New Jersey.").

Further, none of the Moving Defendants has contacts with New Jersey "so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127; *see also Castillero v. Xtend Healthcare, LLC*, No. 22-cv-2099, 2023 WL 8253049, at *5 (D.N.J. Nov. 29, 2023) (applying standard to a limited liability company).  To meet this standard, Plaintiffs must show "significantly more than mere minimum contacts to establish general jurisdiction." *Provident Nat'l Bank*, 819 F.2d at 437.  The non-resident's contacts with the forum must be "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 571 U.S. at 127 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)); *id.* (explaining further that the "affiliations with the State [must be] so 'continuous and systematic' as to render [a defendant] essentially at home in the forum State" (quoting *Goodyear*, 564 U.S. at 919)).  That is why "it is incredibly difficult to establish general jurisdiction over a corporation in a forum *other* than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc) (cleaned up).

Moreover, "a corporation is not subject to general jurisdiction in every state in which a corporation engages in substantial, continuous, and systematic course of

9

business[;] [a] corporation that operates in many places can scarcely be deemed at home in all of them." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 179 (D.N.J. 2016) (quoting *Daimler*, 571 U.S. at 139 n.20). Were it "[o]therwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Daimler*, 571 U.S. at 139 n.20. Relying on business contacts to establish general jurisdiction "would vastly expand the number of states where a foreign [*i.e.*, out-of-state] corporation can be subject to general jurisdiction, even though the corporations are not at 'essentially at home' in most, if not all, of them." *Display Works*, 182 F. Supp. 3d at 179.

In their boilerplate Complaints, Plaintiffs fail to allege any fact that comes close to establishing general jurisdiction over the Moving Defendants. This failure is not surprising, as no such facts exist. Plaintiffs do not (because they cannot) allege that any Moving Defendant is incorporated, was formed, or has its principal place of business in New Jersey. All they say related to this jurisdictional inquiry is that the "Court has jurisdiction because the *parties* reside *and/or* conduct business in New Jersey." Compl. ¶ 36 (emphases added). No specific mention is made to the residence of the *defendants*. Furthermore, the only purported "business" they allege is that the Moving Defendants disclosed the protected information through their "websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey." *Id*. ¶ 33. Even taken as true, these

10

allegations come nowhere close to establishing general jurisdiction over the Moving Defendants because, at most, they amount to "doing business," which the Supreme Court has rejected as a basis for general jurisdiction. *Daimler*, 571 U.S. at 139 n.20; *see, e.g.*, *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (holding that "[Plaintiff's] allegations, taken as true, regarding [Defendant's] ties to New Jersey, do not demonstrate the type of substantial or continuous and systematic contact that would render [Defendant] 'at home' in the State").

Since none of the Moving Defendants can be "fairly regarded as at home" in New Jersey, the Court has no basis to exercise general personal jurisdiction over any of them. *Daimler*, 571 U.S. at 137.

## II.    No Moving Defendant Is Subject to an Exercise of Specific Jurisdiction.

To establish specific personal jurisdiction, "it is not enough for a defendant to have general contacts with a state—the contacts must relate to the claim." *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 470 (D.N.J. 2021). Courts consider a three-prong test to determine whether they can exercise specific jurisdiction. First, "the plaintiff must show that the defendant has 'minimum contacts' with the forum such that it 'purposefully avail[ed] itself of the privilege of conducting activities within the forum' and 'invok[ed] the benefits and protections of [the forum's] laws.'" *Hasson*, 114 F.4th at 186 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003)). "Second, the plaintiff's claims must arise out of or

11

relate to at least some of those contacts, evidencing a strong relationship among the defendant, the forum, and the litigation." *Id.* (citations omitted). If those two requirements are met, the Court must then determine whether "the exercise of jurisdiction over the defendant . . . 'comport[s] with traditional notions of fair play and substantial justice' such that 'the defendant should reasonably anticipate being haled into court in that forum.'" *Id.* (quoting *Toys "R" Us*, 318 F.3d at 451). Plaintiffs' plea for jurisdiction here fails at each step of this test. *See also Marten*, 499 F.3d at 296 (explaining that all three prongs must be met to exercise specific jurisdiction).[9]

A.    <u>No Moving Defendant has purposefully availed itself of New Jersey.</u>

To establish sufficient "minimum contacts" with a forum for the purposes of specific jurisdiction, there must be evidence that "the defendant took a deliberate act reaching out to do business in that state." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). The inquiry focuses on "contacts that the 'defendant *himself*' creates with the forum state," *Walden*, 571 U.S. at 284 (emphasis in original), and those

---

[9] The Third Circuit recognizes another test for specific jurisdiction that it refers to as the "effects test." *Hasson*, 114 F.4th at 186 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). The effects test is inapplicable here because it only applies to intentional torts. *Id.* at 187 (explaining that the effects test "requires a plaintiff to plead facts establishing that, [*inter alia*,] the defendant committed an intentional tort"). Nowhere have Plaintiffs argued, or more importantly alleged in their Complaints, that Daniel's Law is an intentional tort. Indeed, this Court has held that Daniel's Law should be construed using a negligence standard. 1A Order at 38.

ACTIVE 708783672v1

contacts "must amount to a deliberate targeting of the forum." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009) (cleaned up). In other words, the plaintiff must show "purposeful availment." *Hasson*, 114 F.4th at 186.

"[G]eneral efforts to target a U.S. market do not suffice to demonstrate deliberate targeting of New Jersey in particular." *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021) (citing *D'Jamoos*, 566 F.3d at 103–04); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) (finding insufficient facts that "may reveal an intent [by the defendant] to serve the U.S. market" generally, but not showing that it "purposefully avail[ed] itself of the New Jersey market" specifically). Accordingly, "'[t]he mere operation of a commercially interactive web site' does not confer jurisdiction wherever that website may be accessed." *Kim*, 513 F. Supp. 3d at 471 (quoting *Toys "R" Us*, 318 F.3d at 454); *see also M.H. ex rel. C.H. v. Omegle.com LLC*, No. 20-cv-11294, 2021 WL 1050234, at *3 (D.N.J. Mar. 19, 2021) ("[A] generally accessible website that looks and operates the same for users across the world . . . is not enough to create personal jurisdiction in New Jersey."); *Hurley v. Cancun Playa Oasis Int'l Hotels*, No. 99-cv-574, 1999 WL 718556, at *3 (E.D. Pa. Aug. 31, 1999) (Bartle, J.) (finding no purposeful availment in absence of "evidence that [defendant] ha[d] done anything

to encourage residents of Pennsylvania to visit its Internet site or that the Web page was directed at Pennsylvania more than any other state").

Moreover, the mere foreseeability that persons from the forum state could access a defendant's website "cannot satisfy the purposeful availment requirement" either. *Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) ("'[F]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). Indeed, even "a basic awareness that residents of a specific forum use a website is insufficient; the facts must demonstrate that the website *targeted* those users." *Omegle.com, LLC*, 2021 WL 1050234, at *3.

Here, Plaintiffs have not alleged that the Moving Defendants directly targeted New Jersey in any way. Every Moving Defendant's website listed in the Complaints is generally available to individuals across the United States or the world. There are no allegations of New Jersey-specific advertisements or other direct appeals to New Jersey citizens specifically. *See Rickman*, 538 F. Supp. 3d at 439 ("[G]eneral efforts to target a U.S. market do not suffice to demonstrate deliberate targeting of New Jersey in particular."); *see also S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 540 (E.D. Pa. 1999) ("[T]he posting of a generalized advertisement on the Internet is insufficient to subject the advertiser to jurisdiction in the plaintiff's home state[.]"). The availability of the Moving Defendants'

14

websites within New Jersey, without more, does not constitute sufficient minimum contacts. *See S. Morantz*, 79 F. Supp. 2d at 540–41 (rejecting argument that defendant's "maintenance of . . . a web site that is accessible to individuals within the [forum state] constitutes sufficient minimum contacts to subject [the defendant] to personal jurisdiction in this district.").

That the Moving Defendants may have had information about New Jersey residents on their websites does not change that conclusion. To the extent the Moving Defendants made address and telephone information available, they did so for residents of all fifty states and, for some, of people around the world. Merely hosting some information about New Jersey individuals amongst myriad non-Jersey information does not, without more, constitute "deliberate targeting" of the forum. *See, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 141–43 (4th Cir. 2020) (finding no purposeful availment where hotel website included a dropdown with South Carolina (and every other state), as it "confirms that the website was accessible to all but targeted at no one in particular").

Plaintiffs do not allege further contacts between the Moving Defendants and New Jersey beyond the availability of their websites within the State. As courts have held time and again, that is not enough to support specific jurisdiction over an out-of-state defendant.

15

**B.**    <u>Plaintiffs' claims do not arise out of or relate to any threadbare connection a Moving Defendant may have with New Jersey.</u>

Even if the Court were to find that a Moving Defendant purposefully availed itself of New Jersey, the Court still cannot exercise specific jurisdiction over Plaintiffs' claim because there is no "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence [by a Moving Defendant] that t[ook] place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017) (quoting *Goodyear*, 564 U.S. at 919) (first alteration in original). "[T]here must be 'a strong relationship among the defendant, the forum, and the litigation.'" *Hepp*, 14 F.4th at 208 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 365–66 (2021)); *see also Walden*, 571 U.S. at 284 ("For a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related *conduct* must create a substantial connection with the forum State." (emphasis added)); *Daimler*, 571 U.S. at 122 (referring to specific jurisdiction as "*conduct*-linked jurisdiction" (emphasis added)).

For claims based on Internet contacts, the relatedness prong for specific jurisdiction is particularly important. *See Ford Motor*, 592 U.S. at 366 n.4 (noting that "internet transactions" raise unique "doctrinal questions" not resolved in the case). As the Third Circuit has made clear, a "website's accessibility" in the forum is not enough to "establish[] the strong connection between the forum and the litigation that Due Process requires," even where the website itself is alleged to have

16

caused the putative harm. *Hasson*, 114 F.4th at 194. Rather, Plaintiffs must show that the alleged conduct of each Moving Defendant giving rise to the claim connects that Moving Defendant to New Jersey. They cannot.

In an attempt to connect the Moving Defendants to New Jersey and this litigation, Plaintiffs make two allegations, neither of which is sufficient to support specific jurisdiction: first, that Defendants supposedly disclosed New Jersey address and telephone information, including in New Jersey, Compl. ¶ 33, and second, that takedown requests purportedly were emailed *from* New Jersey *to* the Moving Defendants, *id.* ¶ 45.

An obvious point to start: Posting addresses and phone numbers on the Internet is not illegal and is not barred by Daniel's Law. Indeed, it is protected First Amendment speech. *See* 1A Order at *5–7. Daniel's Law supplies a cause of action only where, at the very least, (i) a covered person requests that their information be taken down, (ii) the request is received, and (iii) the publisher of the information negligently fails to remove the information after more than 10 business days. *See* N.J.S.A. § 56:8-166.1(b); 1A Order at *12 (imposing a negligence standard). The "core characteristic[]" of a Daniel's Law claim, in other words, is a failure to timely take down certain information *after* receiving a valid request. *Martinez v. Union Officine Meccaniche S.P.A.*, No. 22-1364, 2023 WL 3336644, at *2 (3d Cir. May 10, 2023) (explaining that only conduct related to the "core characteristics of the . . .

17

claim" matters for specific jurisdiction). The mere fact, then, that a defendant legally disclosed a covered person's information online *prior* to any takedown notice is irrelevant to the jurisdictional inquiry. *See id.* (finding no specific jurisdiction over products liability defendants accused of design and manufacturing defects who only entered New Jersey post sale "to nurture a customer relationship" because that act did not "involve [the] core characteristics of the . . . claim"). The Moving Defendants' alleged conduct relating to the "core" of the claim, *i.e.,* their purported negligent conduct *after* the takedown notices allegedly were sent, all occurred outside of New Jersey, in the jurisdictions where they process takedown requests. The purported negligent failures to act occurred wholly outside of New Jersey, and Plaintiffs do not plead that they were targeted at New Jersey. For example, there is no allegation that any Moving Defendant deliberately chose to ignore takedown requests by New Jersey residents specifically. As in *Bristol-Meyers Squibb*, this Court should reject specific jurisdiction where "all the conduct giving rise to the [plaintiffs'] claims occurred elsewhere." 582 U.S. at 265.

In addition, the fact that the takedown requests allegedly came *from* New Jersey, far from supporting jurisdiction, underscores the lack of any connection between the Moving Defendants, the forum, and the litigation. The only unifying thread is Plaintiffs' unilateral actions in causing the takedown requests to be sent. Until then, no Moving Defendant had a connection to Daniel's Law or this litigation.

Atlas's unilateral scheme to send tens of thousands of takedown requests over a short period of time to hundreds of companies is what started the ball rolling toward this litigation, but there can be no specific jurisdiction where the connection between the defendant, the forum, and the litigation is based on "the plaintiff's unilateral activities." *Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 334 (D.N.J. 2000); *Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."). Instead, "the cause of action [must] arise[] from the *defendant's* forum related activities." *Vetrotex Certainteed Corp.*, 75 F.3d at 151 (emphasis added); *see also Nicastro*, 564 U.S. at 883 ("The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State."). In *Walden*, for example, the Supreme Court found unavailing a claim for jurisdiction in Nevada where plaintiffs' "Nevada attorney contacted [the defendant] in Georgia" "seeking return of the funds" at issue. 571 U.S. at 280, 291. The Court concluded that was "precisely the sort of 'unilateral activity' of a third party" that cannot support specific jurisdiction in Nevada. *Id.* at 291. Like plaintiffs' attorney in *Walden*, here Atlas initiated contact from inside the forum with the Moving Defendants located outside the forum. And, like in *Walden*, that unilateral outreach cannot support jurisdiction.

Furthermore, while the Third Circuit no longer requires a strictly causal relationship "between the defendant's in-state activity and the litigation," *Rickman*, 538 F. Supp. 3d at 441, the Supreme Court has made clear that, absent causation, more evidence is required to establish sufficient minimum contacts. *See, e.g.*, *Ford Motor*, 592 U.S. at 371 (finding specific jurisdiction proper where defendant conducted substantial business and advertising in the forum state); *see also Hasson*, 114 F.4th at 194 (distinguishing *Ford Motor*, which "emphasize[d] the many ways in which Ford promoted, serviced, and marketed the defective vehicle models *in the fora*" (emphasis in original)); *Martinez*, 2023 WL 3336644, at *2 (3d Cir.) (making clear that *Ford Motor* does not control where "[t]he nature of [a defendant's] contacts with New Jersey pale in comparison to Ford's contacts with the forum states" such that it "cannot be said to systematically serve a market in New Jersey"). So even if the Complaints included general allegations concerning the Moving Defendants' hypothetical business activities in New Jersey—which they do not— those allegations would not relate to the causes of action at issue, *i.e.*, the alleged failures to respond to nondisclosure requests. *See Hepp*, 14 F.4th at 208 (finding that "none of [defendants'] contacts forms a strong connection to [the alleged claims]"). Plaintiffs' claims arise from and relate to the Moving Defendants' purported failures to act outside of the forum state. This is too tenuous a connection to New Jersey to establish personal jurisdiction. *Ford Motor*, 592 U.S. at 362 ("In

20

the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum."); *id.* ("[R]elates to . . . does not mean anything goes.")  "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue."  *Bristol-Myers Squibb*, 582 U.S. at 265.

C.    In any event, exercising personal jurisdiction over the Moving
        Defendants would not comport with "principles of fair play and
        substantial justice."

Because Plaintiffs have failed to show that their causes of action arise out of or relate to any purposeful availment of the forum by any Moving Defendant, the Court should stop there and dismiss these cases.  *See, e.g.*, *D'Jamoos*, 566 F.3d at 106 (declining to consider the third prong after concluding that plaintiffs "fail[ed] to establish . . . the required minimum contacts within Pennsylvania").  But even if the Court finds they squeak by those showings, asserting personal jurisdiction over the Moving Defendants would nevertheless fail to comport with the principles of fair play and substantial justice because such an assertion would unreasonably burden the Moving Defendants, who are all based outside the forum.

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S.

21

462, 476 (1985) (quoting *Int'l Shoe*, 326 U.S. at 320).  This third prong of the specific jurisdiction inquiry looks at "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id*. at 476–77.  The requirement that the exercise of personal jurisdiction comports with fair play and substantial justice "protects the defendant against the burdens of litigating in a distant or inconvenient forum" and "ensure[s] that the States through their courts, do not reach out beyond the limits imposed on them[.]" *World-Wide Volkswagen Corp.*, 444 U.S. at 291–92.  While "the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice" is one of a "variety of interests" the Court must consider, the burden on a defendant is "the primary concern." *Bristol-Myers Squibb*, 582 U.S. at 263 (quoting *World-Wide Volkswagen*, 444 U.S. at 292).  But "even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its

power to render a valid judgment." *Id.* at 263 (quoting *World-Wide Volkswagen*, 444 U.S. at 294).

Asserting personal jurisdiction over the Moving Defendants in New Jersey is unreasonable due to the disproportionate burden on the Moving Defendants, all of which are non-forum companies with no significant business operations or physical presence in the state. "[I]t cannot fairly be said that [a] potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction" where the defendant's affiliation to the forum is so "attenuated" as is the case here. *Burger King*, 471 U.S. at 486 (quoting *World-Wide Volkswagen*, 444 U.S. at 297). Due process does not "unfairly enable" a plaintiff to force a distant defendant to defend itself in a foreign forum. *Id.* This is especially true as it relates to "the unique burdens placed upon one who must defend oneself in a foreign legal system." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007) (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987)). Due process also does not allow a non-forum defendant to be "pulled" into the jurisdiction by the plaintiff's actions. *Kim*, 513 F. Supp. 3d at 471. As the Supreme Court has explained, "restrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Bristol-Myers Squibb*, 582 U.S. at 263.

ACTIVE 708783672v1

Each Moving Defendant, whose only connection to the forum state is the operation of a "universally accessible website," "could not 'reasonably anticipate being haled into [New Jersey] court'" solely on that basis, *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004) (quoting *Burger King*, 471 U.S. at 475), especially when that website hosted New Jersey addresses and telephone numbers alongside similar data from around the country or the world. Sites that host data related to every state and the world cannot, without more targeted conduct, reasonably expect to be haled into court in each one of those jurisdictions; a different rule would provide no meaningful limits on the exercise of personal jurisdiction. Thus, an assertion of jurisdiction here over the Moving Defendants, whose only connection to the state are universally available websites, would not comport with standards of fair play and substantial justice.

## III. The Court Should Deny Any Request for Jurisdictional Discovery Because Plaintiffs' Boilerplate Complaints Fail to Provide Even "Some Basis" for Jurisdiction.

Lastly, because Plaintiffs have failed to present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the [parties] and the forum state,'" this Court should deny any requests for jurisdictional discovery. *Toys "R" Us*, 318 F.3d at 456 (quoting *Mellon Bank*, 960 F.2d at 1223). Jurisdictional discovery is warranted upon a "required threshold showing" of "non-frivolous allegations" that suggest the existence of

24

personal jurisdiction.  *Id.*  "[O]nly those plaintiffs who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue."  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015).  It is not a tool through which the Plaintiffs may "undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."  *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010). "Jurisdictional discovery is not available merely because the plaintiff requests it." *Malik*, 710 F. App'x at 565 (quoting *Lincoln Benefit*, 800 F.3d at 108 n.38).

Moreover, the threshold standard Plaintiffs must meet to obtain jurisdictional discovery is specific to each defendant and each cause of action.  *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction.").  That is, Plaintiffs are required to meet the threshold showing to suggest the existence of personal jurisdiction for each Moving Defendant individually.

Here, Plaintiffs filed approximately 150 nearly identical, boilerplate Complaints, and their allegations related to personal jurisdiction are sparse to say the least.  In toto, they allege, without differentiation, that:

> This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

25

Compl. ¶ 36.  As explained above, that is nowhere near enough.  It glosses over the key jurisdictional difference between a plaintiff's contacts with a forum and a defendant's, and it makes a facially inaccurate statement about where the alleged "unlawful actions" occurred.  The allegedly unlawful actions—negligently failing to timely respond to takedown requests—occurred outside New Jersey for each of the Moving Defendants.  Plaintiffs do not allege any facts purporting to show otherwise.  Because they fail even to attempt to present individualized "factual allegations that suggest 'with reasonable particularity' the possible existence" of jurisdiction over each Moving Defendant, *Toys "R" Us*, 318 F.3d at 456, Plaintiffs are not entitled to discovery.

## CONCLUSION

For the above reasons, Plaintiffs have failed to establish personal jurisdiction over the Moving Defendants.  The Moving Defendants' motion should be granted, and the Complaints should be dismissed under Rule 12(b)(2).

ACTIVE 708783672v1

Dated:  March 18, 2025                **GREENBERG TRAURIG, LLP**

*/s/ David E. Sellinger*
David E. Sellinger
Aaron Van Nostrand
Samantha Varsalona
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 443-3557
sellingerd@gtlaw.com
aaron.vannosrand@gtlaw.com
varsalonas@gtlaw.com

*Attorneys for Defendants*
*GoHunt, LLC (1:24-cv-04380)*

Dated:  March 18, 2025                **WADE CLARK MULCAHY LLP**

*/s/ Robert J. Cosgrove*
Robert J. Cosgrove, Esq.
955 South Springfield Avenue, Suite 100
Springfield, NJ 07081
267.665.0743
WCM No.: 827.16116
RCosgrove@wcmlaw.com

*Attorneys for Defendant Delvepoint, LLC (1:24-cv-04096)*

Dated:  March 18, 2025                **GIBBONS P.C.**

*s/ Frederick W. Alworth*
Frederick W. Alworth
Kevin R. Reich
One Gateway Center
Newark, New Jersey  07102-5310
Tel:  (973) 596-4500
falworth@gibbonslaw.com
kreich@gibbonslaw.com

*Attorneys for Defendants*
*Equimine, Inc. (1:24-cv-04261)*

27

Dated:  March 18, 2025

**RIKER DANZIG LLP**

*/s/ Michael P. O'Mullan*
Michael P. O'Mullan (ID 029681996)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for Defendant*
*Melissa Data Corporation (1:24-cv-04292)*

Dated:  March 18, 2025

**GORDON REES SCULLY**
**MANSUKHANI LLP**

*/s/ Clair E. Wischusen*
Clair E. Wischusen
291 W. Mt. Pleasant Avenue
Suite 3310
Livingston, NJ 07039
cwischusen@grsm.com

*Attorneys for Defendant Nuwber, Inc. (1:24-cv-*
*04609) and Defendants, Quantarium Alliance,*
*LLC and Quantarium Group, LLC (1:24-cv-4098)*

Dated:  March 18, 2025

**BLANK ROME LLP**
*A Pennsylvania LLP*

*/s/ Stephen M. Orlofsky*
Stephen M. Orlofsky
New Jersey Resident Partner
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Tel: (609) 750-2646
Stephen.Orlofsky@blankrome.com
Philip.Yannella@blankrome.com
Thomas.Cialino@blankrome.com

*Attorneys for Defendant, Belles Camp*
*Communications, Inc. (1:24-cv-04949)*

28

Dated: March 18, 2025          **KAUFMAN DOLOWICH LLP**

/s/ Timothy M. Ortolani
Christopher Nucifora, Esq.
Timothy M. Ortolani, Esq.
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601
Tel:    (201) 708-8207
Fax:    (201) 488-6652
cnucifora@kaufmandolowich.com
tortolani@kaufmandolowich.com

*Attorneys for Defendant, Spy Dialer, Inc. (1:24-cv-11023)*

Dated: March 18, 2025          **STARR, GERN, DAVISON & RUBIN, P.C.**

/s/ Ronald L. Davison
Ronald L. Davison, Esq. (266481971)
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel: 973.403.9200
rdavison@starrgern.com

**ZWILLGEN PLLC**
Jacob Sommer, Esq.
1900 M. Street NW, Suite 250
Washington, DC 20036
Tel: 202.706.5205
jake@zwillgen.com
(*pro hac vice* pending)

Sudhir V. Rao, Esq.
183 Madison Avenue, Suite 1504
New York, NY 10016
Tel: 646.362.5590
Sudhir.Rao@zwillgen.com
(*pro hac vice* pending)

*Attorneys for Defendant Lighthouse List Company, LLC (1:24-cv-11443)*

Dated:  March 18, 2025

**RKW, LLC**

*/s/ H. Mark Stichel*
H. Mark Stichel (*pro hac vice*)
Stacey Torres (293522020)
10075 Red Run Blvd., Suite 401
Owings Mills, MD  21117
(443) 379-8941
storres@rkwlawgroup.com

*Attorneys for Defendant*
*E-Merges.com, Inc. (1:24-cv-04434)*

Dated:  March 18, 2025

**KNUCKLES & MANFRO LLP**

*/s/ John E. Brigani*
John E. Brigandi, Esq.
600 East Crescent Avenue, Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370
jeb@km-llp.com

*Attorneys for Defendant, PeopleWhiz, Inc. (1:25-cv-00237)*

30