# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *an assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> vs. <br><br> GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals*, and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | Civil Action No.: 1:24-cv-04380-HB <br><br> Hon. Harvey Bartle, III |

---

**DEFENDANT GOHUNT, LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS THE COMPLAINT**

---

**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Tel: (973) 360-7900
Fax: (973) 301-8410
Email: sellingerd@gtlaw.com
*Attorneys for Defendants GoHunt LLC,*
*GoHunt Management Holdings, LLC*
*GoHunt Management Holdings II, LLC*

*On the Brief:*
 David Sellinger, Esq.
 Aaron Van Nostrand, Esq.
 Samantha L. Varsalona, Esq.

## TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 1

ARGUMENT .................................................................................................................... 3

    I.      GoHunt Is Not Subject to General Jurisdiction in New Jersey............................. 3

    II.     GoHunt Is Not Subject to an Exercise of Specific Jurisdiction in New
          Jersey.................................................................................................................. 5

          A.      GoHunt Has Not Purposefully Availed Itself of New Jersey ................... 5

          B.      Plaintiffs' Claims Do Not Arise Out of or Relate to Any GoHunt
                 Contacts with New Jersey ........................................................................ 6

          C.      Exercising Jurisdiction Over GoHunt Would Not Comport with
                 Fair Play and Substantial Justice.............................................................. 8

    III.    The Court Should Deny Any Request for Jurisdictional Discovery....................... 8

CONCLUSION.................................................................................................................. 9

ACTIVE 708798464v1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atlas Data Privacy Corp. et al., v. GoHunt LLC, et al.*
(No. 24-cv-04380)................................................................................................................2

*Atlas Data Privacy Corp. v. MyHeritage, Ltd.*
(No. 24-cv-4392).................................................................................................................1

*Briskin v. Shopify, Inc.*,
87 F.4th 404 (9th Cir. 2023) ............................................................................................5

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*,
582 U.S. 255 (2017)...................................................................................................6, 7, 8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)...........................................................................................................8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014).......................................................................................................3, 4

*Display Works, LLC v. Bartley*,
182 F. Supp. 3d 166 (D.N.J. 2016) ...................................................................................3

*D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*,
566 F.3d 94 (3d Cir. 2009)................................................................................................5

*Fidrych v. Marriott Int'l, Inc.*,
952 F.3d 124 (4th Cir. 2020) ............................................................................................5

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
564 U.S. 915 (2011)...........................................................................................................3

*Griggs v. Swift Transp. Co.*,
No. 17-13480, 2018 WL 3966304 (D.N.J. Aug. 17, 2018) .............................................3

*Hannah v. Johnson & Johnson Inc.*,
No. 18-10319, 2020 WL 3497010 (D.N.J. June 29, 2020)...............................................4

*Hasson v. FullStory, Inc.*,
114 F.4th 181 (3d Cir. 2024) .......................................................................................3, 5

*Hepp v. Facebook*,
14 F.4th 204 (3d Cir. 2021) .........................................................................................5, 7

*Kim v. Korean Air Lines Co.*,
513 F. Supp. 3d 462 (D.N.J. 2021) ...................................................................................6

*Malik v. Cabot Oil & Gas Corp.*,
710 F. App'x 561 (3d Cir. 2017) ..................................................................................4, 9

*Martin v. Godwin*,
499 F.3d 290 (3d Cir. 2007)..............................................................................................5

ACTIVE 708798464v1

*Rickman v. BMW of N. Am. LLC*,
   538 F. Supp. 3d 429 (D.N.J. 2021) ...................................................................6

*Rodriquez Rivera v. Loto Grp., LLC*,
   No. 20-4062, 2020 WL 7384720 (D.N.J. Dec. 16, 2020) ..................................4

*Rush v. Savchuk*,
   444 U.S. 320 (1980) ..........................................................................................9

*S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*,
   79 F. Supp. 2d 537 (E.D. Pa. 1999) ..................................................................6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ..............................................................................8

*Walden v. Fiore*,
   571 U.S. 277 (2014) .......................................................................................5, 7

**Statutes**

N.J.S.A. 56:8-166.1...............................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)......................................................................................1, 2

ACTIVE 708798464v1

Defendants GoHunt LLC ("GoHunt"), GoHunt Management Holdings, LLC, and GoHunt

Management Holdings II, LLC (collectively, the "GoHunt LLCs") hereby join the consolidated

brief submitted by Moving Defendants in this action, and submit this supplemental brief in support

of their motion to dismiss the Complaint in this action, pursuant to Federal Rule of Civil Procedure

12(b)(2), for lack of personal jurisdiction.

## BACKGROUND

The GoHunt LLCs limit their discussion here to the facts relevant to personal jurisdiction

over the GoHunt LLCs. This supplemental brief is supported by the accompanying certification of

Scott Christensen, which sets forth the facts relevant to the lack of personal jurisdiction over the

GoHunt LLCs.[1]

GoHunt is a Nevada limited liability company with its principal place of business in

Nevada. *See* Certification of Scott Christensen dated March 17, 2025 ("Christensen Cert.") ¶ 4. It

has never had a physical presence in New Jersey and does not maintain offices, employees,

property, bank accounts, or a business registration in the state. *Id*. ¶¶ 6-10. GoHunt operates a web-

based research platform designed to assist hunters in planning their hunts. *Id*. ¶ 11. It does not

specifically direct its services or marketing efforts at New Jersey. *Id*. ¶¶ 13, 16. Through its

subscription-based service, GoHunt offers various tools, including an interactive map that helps

hunters determine whether certain properties may be available for hunting. *Id*. ¶¶ 11-12. That map

is accessible to subscribers nationwide. *Id* ¶ 20. As relevant here, GoHunt's platform features a

mapping function (the "Website Map") that enables hunters to search real properties on a map to

determine their potential availability for hunting. *Id*. ¶ 12. By hovering over a geographic vicinity

---

[1] References in this brief to GoHunt refer to GoHunt, LLC, the entity that owns and operates the website at issue in this case, for simplicity. The specific relevant facts concerning GoHunt Management Holdings, LLC, and GoHunt Management Holdings II, LLC, are set forth in the Christensen Certification.

or specific parcel of land, subscribers can view the property owner's name and address. *Id.* This functionality is restricted to paying subscribers and is not available to the public. *Id.*

Plaintiffs assert a single cause of action against GoHunt, alleging that it violated Daniel's Law, N.J.S.A. 56:8-166.1, by failing to remove certain protected information of covered persons from its website upon request. *See* Compl. ¶¶ 51-57 (Count One).[2]

Plaintiffs' sole claim is that the named individual plaintiffs qualify as "covered persons" under Daniel's Law, that the takedown requests at issue were batched and transmitted in bulk by Atlas, not by the Covered Persons themselves,  requesting removal of the "covered persons'" information,  *id*. ¶¶ 26-28, and that GoHunt allegedly failed to comply with these requests within the required ten-business-day period under Daniel's Law. *Id.* ¶ 47. Plaintiffs further allege, conclusorily and without any particulars, that GoHunt "offer[s] and engage[s] in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey" through the website: gohunt.com. *Id*. ¶ 33. Plaintiffs claim that GoHunt's "business model" allows "visitors, users, or customers [to] obtain a name and home address and/or a name and unpublished home telephone number." *Id*. ¶ 34. Notably, these generalized allegations are pled in all the Daniel's Law complaints filed in these cases.

Significantly, the Complaint fails to allege any facts regarding GoHunt's place of formation, principal place of business, or any meaningful contacts with New Jersey. Instead, Plaintiffs rely solely on the general accessibility of GoHunt's website and the fact that Atlas—a New Jersey-based company—sent takedown requests to GoHunt. *Id*. ¶ 36. The Complaint fails to

---

[2] The citations to the Complaint to the Complaint filed in *Atlas Data Privacy Corp. et al., v. GoHunt LLC, et al.,* (No. 24-cv-04380).

allege—and cannot allege—that GoHunt deliberately directs its business activities toward New Jersey or maintains any meaningful connection to the state.

## ARGUMENT

Plaintiffs have failed to present even a prima facie case that this Court could exercise either "general or all-purpose jurisdiction" or "specific or conduct-linked jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). First, GoHunt is not subject to general jurisdiction in New Jersey because it is not "essentially at home" here. *Id.* Second, specific jurisdiction is unavailable because GoHunt has not "purposefully availed" itself of the forum. *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024). Nor do the Daniel's Law claims here "arise out of or relate to" any GoHunt actions conducted in the state. *Id.* And, in any event, the exercise of specific jurisdiction here would not comport with "fair play and substantial justice." *Id.* Lastly, given that Plaintiffs have not met their burden to make out a prima facie case for jurisdiction in the Complaint, the Court should deny any request for jurisdictional discovery.

## I.  GoHunt Is Not Subject to General Jurisdiction in New Jersey.

Plaintiffs cannot establish general jurisdiction over GoHunt because GoHunt is not "fairly regarded as at home" in New Jersey. *Daimler*, at 137 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The Supreme Court has made clear that, for a corporate entity, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 571 U.S. at 137.

Federal courts uniformly apply *Daimler*'s principles to limited liability companies, holding that a limited liability company's citizenship for jurisdictional purposes is determined by its principal place of business and state of formation. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler*, 571 U.S. at 136); *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018) ("Courts have applied the *Daimler* rules

3

to limited liability companies with equal force."). Indeed, courts in this District consistently hold that "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Rodriquez Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) (alternations in original) (quoting *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020)).

Applied here, GoHunt is a Nevada limited liability company, incorporated and maintaining its principal place of business in Nevada. *See* Christensen Cert. ¶ 4. Moreover, none of GoHunt's members are citizens of New Jersey. *Id.* ¶ 5.

Plaintiffs attempt to assert jurisdiction by alleging that GoHunt "conducts business in New Jersey" (Compl. ¶ 36) and that its website made protected information accessible to New Jersey residents. Compl. ¶ 47. However, these allegations do not satisfy the stringent standard for general jurisdiction. The Third Circuit has repeatedly rejected the notion that maintaining a website or conducting business in multiple states renders a corporation "at home" in any of those states. *See Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (holding that allegations of business activity in New Jersey did not establish "substantial, continuous, and systematic contact" to support general jurisdiction).

Moreover, even if GoHunt had substantial online activity in New Jersey, which it does not, general jurisdiction would still be improper. The Supreme Court has explicitly rejected reliance on "doing business" as a basis for general jurisdiction, warning that it would improperly "vastly expand" jurisdiction over out-of-state corporations. *Daimler*, 571 U.S. at 139 n.20. A company that operates in multiple states is not "at home" in all of them. *Id.*

ACTIVE 708798464v1

Because GoHunt is neither formed nor maintains its principal place of business in New Jersey, and Plaintiffs' allegations do not satisfy the stringent "at home" standard, this Court lacks general jurisdiction over GoHunt.

## II. GoHunt Is Not Subject to an Exercise of Specific Jurisdiction in New Jersey.

Specific jurisdiction requires that: (1) the defendant purposefully directed its activities at the forum state; (2) the plaintiff's claims arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Hasson*, 114 F.4th at 186. Each of these elements must be satisfied for jurisdiction to be proper. *Martin v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Plaintiffs fail to meet this standard.

### A.    GoHunt Has Not Purposefully Availed Itself of New Jersey

To establish sufficient "minimum contacts" with a forum for the Court to exercise specific jurisdiction, there must be evidence that "the defendant took a deliberate act reaching out to do business in that state." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). The inquiry focuses on "contacts that the defendant *himself* creates with the forum state," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original), and whether those contacts "amount to a deliberate targeting of the forum." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009). In other words, the plaintiff must show "purposeful availment." *Hasson*, 114 F.4th at 186.

Moreover, courts consistently hold that a website's mere accessibility does not amount to purposeful availment of a forum. *See, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 140-41 (4th Cir. 2020) (finding no purposeful availment where a website included a dropdown listing all states, confirming that it was "accessible to all but targeted at no one in particular"); *Briskin v. Shopify, Inc.*, 87 F.4th 404, 416 (9th Cir. 2023) (holding that an e-commerce platform did not

5

"expressly aim" its conduct at California merely because its website was accessible there); *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021) ("[G]eneral efforts to target a U.S. market do not suffice to demonstrate deliberate targeting of New Jersey in particular"); *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 540 (E.D. Pa. 1999) ("[T]he posting of a generalized advertisement on the Internet is insufficient to subject the advertiser to jurisdiction in the plaintiff's home state[.]").

Here, GoHunt has not purposefully availed itself of New Jersey's jurisdiction. GoHunt has no offices, employees, distributors, or agents in New Jersey. *See* Christensen Cert. ¶¶ 6-7, 9-11, 13, 22. Nor does GoHunt direct advertising, marketing, or promotional materials specifically at New Jersey residents. *Id*. ¶ 16. GoHunt's services are available to hunters nationwide, but its marketing efforts are aimed at a general audience rather than any particular state. *See id*. Likewise, GoHunt's Website Map is not tailored to New Jersey residents but is simply accessible to all subscribers across the United States. *Id.* ¶ 20. Further, GoHunt derives only a *de minimis* portion of its revenue from New Jersey—just 0.28% of subscription revenue in 2024, with similarly negligible figures in prior years. *See* Christensen Cert. ¶ 14. Courts have consistently held that such limited economic activity with a forum state is insufficient to establish specific jurisdiction. *See Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 470 (D.N.J. 2021).

In sum, because GoHunt has not deliberately engaged with New Jersey residents or directed its business at the state, it has not purposefully availed itself of New Jersey's jurisdiction.

## B.    Plaintiffs' Claims Do Not Arise Out of or Relate to Any GoHunt Contacts with New Jersey

Plaintiffs' claims do not arise out of or relate to contacts by GoHunt with New Jersey, as required by the second prong of the jurisdictional analysis. *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 264 (2017). The Supreme Court has made clear that

6

specific jurisdiction requires a strong connection between the forum and the defendant's allegedly wrongful conduct, not just any forum-based activity. *Hepp*, 14 F.4th at 208.

GoHunt operates entirely from Nevada, including with respect to its Website Map. It has no employees, offices, or physical presence in New Jersey. *See* Christensen Cert. ¶ 6. GoHunt does not maintain bank accounts in New Jersey and is not registered to do business in this state. *Id*. ¶¶ 8, 10. Nor does GoHunt own or lease property in New Jersey. *Id*. ¶¶ 7-8. GoHunt does not interact with subscribers using the Website Map, whether in New Jersey or elsewhere, to locate property owner names and addresses. *Id.* ¶ 18. Further, GoHunt does not interact with  New Jersey owners of real property as a result of their properties being included on the Website Map. *Id.* ¶ 19. Plaintiffs do not allege otherwise.

 Moreover, Plaintiffs' claims are premised solely on GoHunt's alleged failure to remove the property owners' names and addresses from the Website Map. *See* Compl. ¶¶ 45-48, 52-55. This alleged inaction occurred entirely outside of New Jersey, as the individual responsible for monitoring takedown requests is based in GoHunt's Nevada office. *See* Christensen Cert. ¶ 21. In short, the relevant actions or inactions by goHunt alleged in this case occurred entirely outside of New Jersey. *Id.* Further, the property ownership data on the mapping website is purchased from a California-based data source. *Id.* ¶ 17. Because all alleged conduct or inaction by goHunt giving rise to Plaintiffs' claims took place outside of New Jersey, specific jurisdiction is improper. *See Bristol-Myers Squibb*, 582 U.S. at 265 (rejecting jurisdiction where "all the conduct giving rise to the [plaintiffs'] claims occurred elsewhere").

Finally, Plaintiffs' unilateral act of sending takedown requests from New Jersey cannot create jurisdiction. The Supreme Court has repeatedly rejected jurisdiction the notion that jurisdiction can be based solely on a plaintiff's own actions. *Walden*, 571 U.S. at 285 ("The

plaintiff cannot be the only link between the defendant and the forum."). Thus, under well-established precedent, Plaintiffs cannot establish specific jurisdiction because their claims do not arise out of or relate to any conduct by GoHunt that is meaningfully connected to New Jersey.

> **C.**    **Exercising Jurisdiction Over GoHunt Would Not Comport with Fair Play and Substantial Justice**

Even if Plaintiffs could satisfy the first two prongs of the specific jurisdiction analysis (they cannot), jurisdiction must also be reasonable under the Due Process Clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Here, GoHunt is a Nevada-based company with no ties to New Jersey. *See* Christensen Cert. ¶¶ 4-7, 9-10, 22. Forcing GoHunt to litigate in New Jersey would impose significant burdens, as all of its operations and employees are located in Nevada. *Id.* ¶ 23. New Jersey has little interest in adjudicating claims against an out-of-state defendant whose alleged conduct occurred elsewhere. The Supreme Court has repeatedly held that jurisdiction must be based on the defendant's own affiliations with the forum, not the plaintiff's preferences. *Bristol-Myers Squibb,* 582 U.S. at 263. Here, where GoHunt's only connection to New Jersey is the operation of its universally accessible website map, GoHunt could not "reasonably anticipate being haled into [New Jersey] court" solely on that basis. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003).

Because litigating in New Jersey would be unfair, burdensome, and inconsistent with due process, this Court should dismiss the claims against GoHunt for lack of personal jurisdiction.

**III.    The Court Should Deny Any Request for Jurisdictional Discovery.**

Lastly, because the Plaintiffs have failed to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the [parties] and the forum state," this Court should deny any requests for jurisdictional discovery. *Toys*, 318 F.3d at 456.

The Complaint's jurisdictional allegations are conclusory and unsupported. As detailed above, GoHunt has no offices, employees, or operations in New Jersey and does not target advertising, marketing, or promotional activities at New Jersey residents. *See* Christensen Cert. ¶¶ 6-7, 16. GoHunt's Website Map is not specifically directed at New Jersey residents but is accessible to subscribers nationwide. *Id.* 20. Likewise, GoHunt does not interact with New Jersey property owners whose real property appears on the Website Map. *Id.* ¶ 19. Plaintiffs allege that takedown requests were sent to a GoHunt email address, but that email address is monitored by an employee in Nevada. *Id.* ¶ 21.

Jurisdictional discovery is unwarranted where a plaintiff fails to make non-frivolous allegations specific to each defendant's forum contacts. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Courts routinely reject discovery where plaintiffs rely on speculative assertions rather than jurisdictional facts. *See* Malik, 710 F. App'x at 565. Accordingly, this Court should deny any request for jurisdictional discovery and dismiss the Complaint for lack of personal jurisdiction.

### CONCLUSION

For the above reasons, and those in the consolidated brief, GoHunt's motion to dismiss should be granted in its entirety and the Complaint should be dismissed with prejudice.

Respectfully submitted,
**GREENBERG TRAURIG, LLP**

By:   */s David Sellinger*
     David Sellinger, Esq.
     500 Campus Drive, Suite 400
     Florham Park, NJ 07932

     *Attorneys for Defendants GoHunt LLC,*
     *GoHunt Management Holdings, LLC*
     *GoHunt Management Holdings II, LLC*

Dated: March 18, 2025.

9